# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILLHOUSE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-5139** |
| | : | |
| **UNITED STATES OF AMERICA,** *et al.,* | : | |
| **Defendants.** | : | |

FILED
JAN 17 2020

**MEMORANDUM**

**TUCKER, J.**                                                                      **JANUARY 16, 2020**

This matter comes before the Court by way of an Amended Complaint (ECF No. 6), brought by Plaintiff Kareem Hassan Millhouse, proceeding *pro se*. Also before the Court are Millhouse's Motion to Proceed *In Forma Pauperis* (ECF No. 7),[1] Motion for Immediate Injunction (ECF No. 9), Motion to Proceed Under John Doe (ECF No. 10), and Motion for Emergency Injunction (ECF No. 11). Because it appears that Millhouse is unable to afford to

---

[1] Millhouse initiated this action by way of a Complaint (ECF No. 2) brought on November 1, 2019. At that time, Millhouse failed to pay the fees to commence a civil action or to file a motion to proceed *in forma pauperis*. By Order dated November 8, 2019, the Court directed Millhouse to either pay $400 to the Clerk of Court or file a motion to proceed *in forma pauperis* along with a certified copy of his prisoner account statement within thirty days. (ECF No. 5 at 1.) Millhouse subsequently filed the pending Motion to Proceed *In Forma Pauperis* which is now properly before the Court for review, along with the Amended Complaint (ECF No. 6).

It is well recognized that an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint.") (*citing W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Accordingly, the Amended Complaint Millhouse submitted to the Court after his initial Complaint supersedes the original, and the Court will proceed to screen the Amended Complaint.

pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction, and Millhouse will be granted leave to file a second amended complaint within thirty days.

## I. FACTUAL ALLEGATONS[2]

Millhouse, a prisoner currently incarcerated at United States Penitentiary Coleman I in Sumterville, Florida, brings this action against the United States of America ("United States") pursuant to the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671, *et seq.*[3] (ECF No. 2 at 1-4.)[4] Millhouse's allegations relate to the disclosure of various prison records maintained by the Bureau of Prisons that related to Millhouse's prior conduct. (*Id.* at 5.) Specifically, Millhouse claims that the Bureau of Prisons "release[d] documents without [his] consent [or] knowledge" which relate to an "alleged assault" committed during the timeframe when he was incarcerated at the Federal Detention Center in Philadelphia several years ago.[5] (*Id.* at 5-6.)

---

[2] The facts set forth in this Memorandum are taken from Millhouse's Amended Complaint.

[3] In his initial Complaint, Millhouse named both the United States of America and the Federal Bureau of Prisons as Defendants in this matter. As his Amended Complaint supersedes the original, and names only the United States, the Court will direct the Clerk of Court to Amend the caption in this matter to reflect that the sole Defendant is the United States.

This change is not only consistent with Millhouse's operative pleading but is also consistent with the law regarding cases brought under the FTCA. "[T]he only proper party to a claim under the FTCA is the United States." *See Malouf v. Turner*, 814 F. Supp. 2d 454, 462 (D.N.J. 2011) (dismissing several defendants, including the Bureau of Prisons, from plaintiff's FTCA claim); *see also CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir.2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

[4] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[5] By way of background, the Court notes that "[i]n 2007, Millhouse was convicted in a bench trial of attempted aggravated sexual abuse, attempted sexual abuse, attempted escape, assault, and possession of a dangerous weapon in a federal facility. He was sentenced to 300 months in

2

Millhouse alleges that this disclosure by the Bureau of Prisons was made in accordance with a court Order issued by the Honorable Carol Sandra Moore Wells, United States Magistrate Judge in *Bistrian v. Warden Troy Levi, et al.*, E.D. Pa. Civ. A. No. 08-3010, on September 20, 2019 (ECF No. 414). In *Bistrian*, another prisoner housed at the Federal Detention Center in Philadelphia at the same time as Millhouse is challenging the conditions of his confinement there and the failure of prison officials to protect him from harm. Millhouse asserts that the documents were disclosed on or about October 1, 2019. (*Id.* at 5.)

Millhouse now seeks to challenge that court-ordered disclosure under the FTCA claiming that as a direct result of the disclosure, he has suffered from depression, anxiety, loss of sleep, and loss of appetite. (*Id.* at 6.) Millhouse seeks $2,000,000.00 in compensatory damages and placement in state custody for protection. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Millhouse leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by

---

prison, and [Third Circuit] affirmed" his sentence in 2009. *See United States v. Millhouse*, 605 F. App'x 83, 83 (3d Cir. 2015) (citing *United States v. Millhouse*, 317 F. App'x 201, 202 (3d Cir. 2009)). Millhouse's 2007 conviction stemmed from an incident in 2006 wherein Millhouse attempted to sexually assault a female attorney appointed to represent him under the Criminal Justice Act on unrelated bank robbery charges during a meeting between them conducted in a federal building. *See United States v. Millhouse*, Crim. No. 06-397, 2007 WL 1366974, at *1 (E.D. Pa. May 7, 2007). Specifically, "Millhouse was taken to a room at the William J. Green Federal Building in Philadelphia and left alone with his attorney. He then removed a razor blade that he had hidden in his mouth, placed it at his attorney's throat, and told her that he wanted to have sex with her." *Millhouse*, 317 F. App'x at 202.

[6] However, because Millhouse is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Millhouse is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. FTCA Claim

Construing the Amended Complaint broadly, Millhouse seeks to hold the United States liable under the FTCA based on the disclosure of the Bureau of Prisons records in the *Bistrian* action. The FTCA partially waives the federal government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA authorizes suits against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). Significantly, however, under the FTCA "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by

4

the agency to which it was presented." 28 U.S.C. § 2401(b); *see Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) ("No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim."); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018) (stating that "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.'") (quoting *Shelton*, 775 F.3d at 569). This requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569. Therefore, a plaintiff "must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).

In the present matter, on the issue of exhaustion, the Amended Complaint alleges only that Millhouse "submitted a BP-9 due to the fact the BOP released the documents in question, although it has no bearing on the present claims." (ECF No. 6 at 9.) This information is insufficient to satisfy the jurisdictional requirement to plead exhaustion. Accordingly, at this time, the Court cannot determine whether Millhouse has exhausted his FTCA claim against the United States based on the actions by Bureau of Prisons. Thus, Millhouse's FTCA claim will be dismissed. However, in light of Millhouse's *pro se* status, the Court will grant him leave to file a second amended complaint in the event he can set forth an exhausted claim for relief under the FTCA against the United States.

### B. Millhouse's Motions for Miscellaneous Relief

In addition to the pending Motion to Proceed *In Forma Pauperis,* Millhouse filed three additional motions before the Court. One of these is a Motion to Proceed Under John Doe. (*See* ECF No. 10.) The Court notes, however, that when he initiated this action on November 1,

5

2019, Millhouse filed a prior Motion to Proceed Under John Doe. (*See* ECF No. 1.) By Order dated November 8, 2019, the Court previously denied Millhouse's request to proceed anonymously as a John Doe in this action. (ECF No. 5 at 2-3, n. 2.) After noting that Millhouse's past attempts to proceed as a John Doe in other civil cases had been denied by the Honorable Sylvia H. Rambo, United States District Judge for Middle District of Pennsylvania, the Court denied Millhouse's initial motion in this case and found that he failed "to allege sufficient facts to warrant proceeding anonymously" because he offered "only broad-based, generalized allegations that he was previously 'victimized' because of the public release of sensitive information and that he [would] be victimized again based on the same information." (*Id.*)

Millhouse's most recent Motion to Proceed as John Doe alleges only that "other prisoners will certainly harm" Millhouse "due to the sensitive nature of the present complaint[.]" (ECF No. 10 at 2.) Millhouse claims that he is incarcerated in a "federal penitentiary where inmates prey on other inmates for the substantiated information" and they are "known to cause significant bodily harm." (*Id.*) Millhouse then asserts that he was previously assaulted while in federal custody concerning similar sensitive information. (*Id.*) Once again, however, the Court must deny the Motion to Proceed Under John Doe because Millhouse has failed to adequately allege sufficient facts to warrant proceeding anonymously in this matter. He relies only on speculative, generalized allegations of harm without specific facts. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (recognizing that to proceed anonymously, plaintiff must show "both (1) fear of severe harm, and (2) that the fear of severe harm is reasonable") (internal quotation marks omitted).

Additionally, Millhouse filed two separate Motions (ECF Nos. 9, 11) seeking immediate injunctive relief. Millhouse argues in both Motions that because of the disclosure of the documents described above his "life is in danger" and the Bureau of Prisons is not "taking this issue seriously enough" and has not followed up on his request for protection. (ECF No. 9 at 2, ECF No. 11 at 2.) Millhouse now seeks an order from this Court compelling prison officials to transfer Millhouse to state custody for his own safety. (ECF No. 11 at 3; *see also* (ECF No. 9 at 2) (requesting an order for "immediate state placement" based on safety concerns).

However, the Court cannot act on Milhouse's request for injunctive relief for two reasons. Initially, the Court is unable to determine if it has jurisdiction over Millhouse's FTCA claims at this time and therefore cannot rule on any requests for relief before it is established that jurisdiction is proper. Moreover, even if Millhouse had properly alleged exhaustion sufficient to support jurisdiction over his FTCA claim, Millhouse is not entitled to injunctive relief under the FTCA. *See Priovolos v. F.B.I.*, 632 F. App'x. 58, 59 n.1 (3d Cir. 2015) (per curiam) (summarily affirming the district court's judgment that plaintiff was not entitled to injunctive relief under the FTCA) (citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (noting that "the district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief."); *see also Michtavi v. United States*, 345 F. App'x 727, 730 n.4 (3d Cir. 2009). Accordingly, these motions will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Millhouse leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice for lack of subject matter jurisdiction based on his failure to allege sufficient facts to invoke the Court's jurisdiction under the FTCA. Millhouse is granted leave to file a second amended complaint within thirty (30)

7

days in the event he can allege facts to cure the defects discussed above. If Millhouse fails to file a second amended complaint, his case may be dismissed without prejudice without further notice. Millhouse's remaining motions are denied without prejudice as outlined above. An appropriate Order follows.

BY THE COURT:

_/s/ Petrese B. Tucker_
**PETRESE B. TUCKER, J.**