IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM HASSAN MILLHOUSE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-5139 |
| : | |
| UNITED STATES OF AMERICA, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

This matter comes before the Court by way of a Motion for Reconsideration (ECF No. 17) filed by Plaintiff Kareem Hassan Millhouse. Millhouse seeks reconsideration of the Court's August 14, 2020 Order (ECF No. 16) which dismissed the present action without prejudice for failure to prosecute because Millhouse did not file a timely second amended complaint in accordance with the Court's February 28, 2020 (ECF No. 15). For the reasons set forth below, the Court will grant Millhouse's motion for reconsideration, vacate the August 14, 2020 Order (ECF No. 16), and grant Millhouse one final extension of time to file a second amended complaint.

## I. BACKGROUND AND PROCEDURAL HISTORY

Millhouse, a prisoner currently incarcerated at United States Penitentiary Coleman I in Sumterville, Florida, initiated this action against the United States of America ("United States") pursuant to the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671, *et seq.* By Memorandum and Order dated January 17, 2020 the Court dismissed Millhouse's Amended Complaint without prejudice for lack of subject matter jurisdiction because the Court was unable to determine whether Millhouse had exhausted administrative remedies with respect to his FTCA claim against the United States. (Memorandum, ECF No. 12 at 4-5; Order, ECF No. 13 at 2.)

The Court granted Millhouse thirty days to file a second amended complaint that pled exhaustion of administrative remedies on this FTCA claim.  Rather than file a second amended complaint, Millhouse filed a Motion for Reconsideration.  (ECF No. 14.)

Millhouse's initially sought reconsideration of the Court's dismissal of his Amended Complaint for failure to plead exhaustion under the FTCA, arguing that the Court abused its discretion in dismissing his claim because "exhaustion of administrative remedies is an affirmative defense that defendants must plead."  (ECF No. 14 at 2.)  By Order dated February 28, 2020 (ECF No. 15), the Court noted that Millhouse's argument was unavailing and found that Millhouse's FTCA claim was correctly dismissed based on his failure to plead administrative exhaustion because that requirement is "jurisdictional and cannot be waived."  (ECF No. 15 at 1-2, n.1) (citing *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015)).  The Court explained that "[a] plaintiff 'must . . . plead administrative exhaustion in an FTCA case[,]' or the Court lacks jurisdiction to hear the case."  (*Id.*) (citing *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011)).  On that basis, the Court concluded that Millhouse was not entitled to reconsideration because there was no abuse of discretion by the Court in dismissing the claim on the issue of exhaustion.  (*Id.*)

At the time the Court dismissed Millhouse's Amended Complaint on January 17, 2020, the Court granted Millhouse thirty days to file a second amended complaint that pled exhaustion of administrative remedies on this FTCA claim.  Rather than file a second amended complaint, Millhouse filed his first Motion for Reconsideration.  (ECF No. 14.)  As a result, when the Court denied his first Motion for Reconsideration, the Court also granted him and additional fourteen (14) days to file his second amended complaint.  Millhouse's deadline to file his second amended complaint, Friday, March 13, 2020, fell at an unprecedented time in light of the ongoing global

pandemic resulting from COVID-19 which significantly impacted judicial operations in this District and across the country.  The pandemic presented *pro se* litigants, particularly those who are incarcerated, with a number of additional obstacles that are not normally present in the course of bringing a civil action in federal court.  One such obstacle appears to be significant mail processing delays resulting from various measures implemented by the United States Postal Service, corrections facilities, and the Clerk of Court to deal with the outbreak.

When Millhouse had not yet filed a second amended complaint by August 14, 2020, a full five months beyond his extended deadline to do so, the Court dismissed his case for failure to prosecute based on his failure to file a second amended complaint.  After the Court issued the August 14, 2020 Order (ECF No. 16), Millhouse filed the present Motion for Reconsideration (ECF No. 17), his second in the case.  In the present Motion, Millhouse represents that he never received notice of the February 28, 2020 Order that extended his original deadline to file a second amended complaint.  (ECF No. 17 at 2.)  He asks the Court to reconsider its August 14, 2020 dismissal for failure to prosecute and to reopen this matter.

## II.     STANDARD OF REVIEW & DISCUSSION

As a threshold issue, the Court notes that Millhouse's Motion for Reconsideration is untimely.  Pursuant to Local Civil Rule 7.1(g) a motion for reconsideration must be "served and filed within fourteen (14) days after entry of the order" for which reconsideration is sought.  L. Civ. R. 7.1(g).  Here, the Order dismissing this case for failure to prosecute was entered on August 14, 2020.  Accordingly, a timely motion for reconsideration should have be filed and served by no later than August 28, 2020.  Millhouse's Motion for Reconsideration is dated September 3, 2020 and is therefore, untimely.  Despite the untimely nature of the Motion, the Court will still consider the Motion on the merits.

A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice[.]" *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Based on his representations in the present Motion, it appears that Millhouse did not receive the Court's February 28, 2020 Order which granted him an additional fourteen (14) days to file his second amended complaint.  Accordingly, in the interests of justice, the Court will vacate the August 14, 2020 Order (ECF No. 16) and grant Millhouse one final extension of time to file his second amended complaint.  In light of the delays related to COVID-19 and the United States Postal Service, the Court will grant Millhouse an additional twenty-one (21) days to file his second amended complaint from the date of this Order.  Millhouse is hereby put on notice, however, that **no additional extensions of time to file a second amended complaint will be granted** in this matter.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Millhouse's Motion for Reconsideration, direct the Clerk of Court to reopen this case, and vacate the August 14, 2020 Order.  Millhouse is granted leave to file a second amended complaint within twenty-one (21) days in the event he can allege sufficient facts to invoke the Court's jurisdiction under the FTCA and cure the defects the Court set forth in its January 17, 2020 Memorandum and Order.  If Millhouse fails to file a

second amended complaint, his case may be dismissed without prejudice without further notice.

An appropriate Order follows.

                                                **BY THE COURT:**

                                                /s/Petrese B. Tucker

                                                **PETRESE B. TUCKER, J.**