IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM HASSAN MILLHOUSE,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 19-CV-5139** |
| : | |
| **UNITED STATES OF AMERICA,** *et al.*, : | |
|     **Defendants.** : | |

## ORDER

AND NOW, this 17th day of February, 2021, upon consideration of Plaintiff Kareem Hassan Millhouse's Motion for Reconsideration (ECF No. 17), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **REOPEN** this matter.

2. Millhouse's Motion for Reconsideration is **GRANTED**.

3. The Court's August 14, 2020 Order (ECF No. 16) which dismissed Millhouse's case without prejudice for failure to prosecute based on his failure to file a timely second amended complaint is **VACATED** in its entirety.

4. Millhouse's time to file a second amended complaint as set forth in the Court's January 17, 2020 Memorandum and Order (ECF Nos. 12 & 13) and as extended by the Court's February 28, 2020 Order (ECF No. 16) is hereby **EXTENDED**.  Millhouse may file a second amended complaint within **twenty-one (21) days** of the date of this Order.  The second amended complaint shall be a complete document that does not rely on the initial Complaint or the Amended Complaint or other papers filed in this case to state a claim.  When drafting his second amended complaint, Millhouse should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum and must clearly

allege facts supporting the Court's exercise of jurisdiction over this matter.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

      5.      Along with a copy of this Order and its accompanying Memorandum, the Clerk of Court is also **DIRECTED** to **MAIL** a copy of the following documents to Millhouse: (1) the January 17, 2020 Memorandum (ECF No. 12); (2) the January 17, 2020 Order (ECF No. 13); (3) the February 28, 2020 Order (ECF No. 15); and (4) an updated copy of the docket sheet in this matter.

      6.      If Millhouse does not wish to further amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within twenty-one (21) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

      7.      If Millhouse fails to file any response to this Order and its accompanying Memorandum, the Court will conclude that Millhouse intends to stand on his Amended

Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                              **BY THE COURT:**

                                              /s/Petrese B. Tucker

                                              _____

                                              **PETRESE B. TUCKER, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").