IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM HASSAN MILLHOUSE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5139 |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants. | : | |

<u>MEMORANDUM</u>

**TUCKER, J.**                                                                                   **JUNE 7, 2022**

This matter comes before the Court by way of a Second Amended Complaint[1] (ECF No.

20) filed by Plaintiff Kareem Hassan Millhouse.  For the reasons set forth below, the Court will

revoke its prior grant of leave to proceed *in forma pauperis* and direct Millhouse to pay the full

filing fee in this matter within fourteen (14) days if he seeks to proceed with this action.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

The Court previously set forth the detailed procedural history of this case in its February

17, 2021 Memorandum which provided, in pertinent part:

> Millhouse, a prisoner currently incarcerated at United States Penitentiary
> Coleman I in Sumterville, Florida, initiated this action against the United States of
> America ("United States") pursuant to the Federal Tort Claims Act ("FTCA"), *see*
> 28 U.S.C. §§ 2671, *et seq.* By Memorandum and Order dated January 17, 2020 the
> Court dismissed Millhouse's Amended Complaint without prejudice for lack of
> subject matter jurisdiction because the Court was unable to determine whether
> Millhouse had exhausted administrative remedies with respect to his FTCA claim
> against the United States. (Memorandum, ECF No. 12 at 4-5; Order, ECF No. 13
> at 2.) The Court granted Millhouse thirty days to file a second amended complaint
> that pled exhaustion of administrative remedies on this FTCA claim. Rather than

---

[1] Although Millhouse entitled his filing "Amended Complaint" (ECF No. 20), this filing is actually Millhouse's Second Amended Complaint as he previously filed a Complaint (ECF No. 2) and an Amended Complaint (ECF No. 6) in this action.  Accordingly, the Court will refer to this filing as Millhouse's Second Amended Complaint and direct the Clerk to correct the docket accordingly.

file a second amended complaint, Millhouse filed a Motion for Reconsideration. (ECF No. 14.)

*Millhouse v. United States*, No. 19-5139, 2021 WL 617001, at *1 (E.D. Pa. Feb. 17,

2021). The Court's Opinion further explained that Millhouse

> initially sought reconsideration of the Court's dismissal of his Amended Complaint for failure to plead exhaustion under the FTCA, arguing that the Court abused its discretion in dismissing his claim because "exhaustion of administrative remedies is an affirmative defense that defendants must plead." (ECF No. 14 at 2.) By Order dated February 28, 2020 (ECF No. 15), the Court noted that Millhouse's argument was unavailing and found that Millhouse's FTCA claim was correctly dismissed based on his failure to plead administrative exhaustion because that requirement is "jurisdictional and cannot be waived." (ECF No. 15 at 1-2, n.1) (citing *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015)). The Court explained that "[a] plaintiff 'must . . . plead administrative exhaustion in an FTCA case[,]' or the Court lacks jurisdiction to hear the case." (*Id.*) (citing *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011)). On that basis, the Court concluded that Millhouse was not entitled to reconsideration because there was no abuse of discretion by the Court in dismissing the claim on the issue of exhaustion. (*Id.*)

*Millhouse*, 2021 WL 617001, at *1.

Thereafter, the Court granted Millhouse an "additional fourteen (14) days to file his second amended complaint" but "Millhouse's deadline . . . , Friday, March 13, 2020, fell at an unprecedented time in light of the ongoing global pandemic resulting from COVID-19 which significantly impacted judicial operations in this District and across the country." *Id.* The Court went on to recognize that "[t]he pandemic presented *pro se* litigants, particularly those who are incarcerated, with a number of additional obstacles that are not normally present in the course of bringing a civil action in federal court" including "significant mail processing delays resulting from various measures implemented by the United States Postal Service, corrections facilities, and the Clerk of Court to deal with the outbreak." *Id.*

On September 8, 2020, Millhouse filed a second Motion for Reconsideration (ECF No. 17) and represented that he never received notice of the February 28, 2020 Order that extended

his original deadline to file a second amended complaint.  (ECF No. 17 at 2.)  Millhouse

therefore asked the Court to reopen this matter and reconsider its August 14, 2020 Order (ECF

No. 16) which dismissed his case for failure to prosecute based on his failure to file a second

amended complaint.  Ultimately, the Court's February 17, 2021 Memorandum and Order granted

Millhouse's request for reconsideration, vacated the August 14, 2020 Order (ECF No. 16), and

granted Millhouse one final extension of time to file a second amended complaint.  Millhouse

filed his Second Amended Complaint, which is now subject to screening pursuant to 28 U.S.C. §

1915(e)(2)(B) because Millhouse is proceeding *in forma pauperis*.  Rather than screening the

Second Amended Complaint, however, the Court will revoke Millhouse's grant of *in forma*

*pauperis* status and require him to pay the fees to proceed with this case.

## II.   STANDARD OF REVIEW

By Order dated January 17, 2020, the Court previously granted Millhouse leave to

proceed *in forma pauperis* in this action.  (ECF No. 13.)  However, a threshold issue must be

addressed at this time regarding whether Millhouse may retain his *in forma pauperis* status.   In

general, the *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an

action in federal court without prepayment of filing fees, ensuring that such persons are not

prevented "from pursuing meaningful litigation" because of their indigence.  *Abdul-Akbar v.*

*McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But,

as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the

same economic disincentives to filing meritless cases that face other civil litigants," and thus the

provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).[2]

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court.

## III.    DISCUSSION

As noted above, according to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time

---

[2] In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *Abdul-Akbar*, 239 F.3d at 312 (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

In announcing its decision in *Lomax*, the United States Supreme Court abrogated a 2017 decision by the United States Court of Appeals which specifically found that Millhouse – the Plaintiff in this matter – only had two dismissals that qualified as strikes under the PLRA. *See Millhouse v. Heath*, 866 F.3d 152,154 (3d Cir. 2017). Prior to the decision in *Lomax*, the Third Circuit concluded that Millhouse accrued one strike in *Milhouse v. Bledsoe*, No. 10-0053, 2010 WL 3940853 (M.D. Pa. Oct. 6, 2010) (hereinafter, "*Bledsoe*"), and a second strike in *Milhouse v. Doe*, No. 16-0146, 2016 WL 727619 (M.D. Pa. Feb. 24, 2016) (hereinafter, "*Doe*"). *See Millhouse*, 866 F.3d at 154. The Circuit, however, concluded that *Milhouse v. Heath*, No. 15-0468, 2015 WL 6501461 (M.D. Pa. Oct. 27, 2015) (hereinafter, "*Heath II*") – did "not qualify as a strike" because it was a "dismissal without prejudice for failure to state a claim" which did not rise to the level that warranted consideration as a strike. *See Millhouse*, 866 F.3d at 154. However, under the Supreme Court's decision in *Lomax*, which clarified that "without prejudice" dismissals may count as strikes, it is apparent that *Heath II* does, in fact, constitute a strike.

5

In the aftermath of *Lomax*, the Third Circuit has repeatedly recognized that Millhouse has now accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g) and treated his subsequent appeals accordingly.  *See Millhouse v. BOP, et al.,* Appeal No. 20-3589 (3d Cir. Jan. 20, 2021) (order noting that Millhouse's appeal was "subject to title 28 U.S.C. Section 1915(g)"); *Millhouse v. BOP, et al.*, Appeal No. 21-1050 (3d Cir. Jan. 20, 2021) (same): *Millhouse v. Federal Bureau of Prisons*, Appeal No. 21-2247 (3d Cir. June 29, 2021) (case opening letter stating that Section 1915(g) applies to this appeal and requiring Millhouse to pay the full $505 appellate filing fee in advance within 14 days).

Consistent with Supreme Court and Third Circuit precedent, the Court similarly recognizes that the dismissals in the civil actions identified above count as strikes against Millhouse.  Accordingly, Millhouse may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he brought this action.  "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).  Past dangers are not imminent dangers.  *See Ball*, 726 F.3d at 467.  Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger.  *Id.* at 468.  Furthermore, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).

Neither Millhouse's Complaint (ECF No. 1), his Amended Complaint (ECF No. 6), nor his Second Amended Complaint (ECF No. 20), plausibly suggest that Millhouse was in imminent danger of serious physical injury at the time he filed this civil action, or at any time since, in a manner that is fairly traceable to his possible claims against the Defendants.

Millhouse makes only generalized, conclusory allegations that disclosure of certain documents by the Bureau of Prisons in a separate civil action to which he is not a party, will put his life in danger due to the sensitive information contained in those documents.[3]  (*See* Comp. at 2; Am. Comp. at 6 (alleging only injuries for depression, anxiety, loss of sleep, and loss of appetite based Millhouse's conclusory allegation that he lives "in fear for his safety"); Sec. Am. Comp. at 2-3 (alleging only that Millhouse was placed "in danger" or at a "substantial risk of harm" due to the sensitive nature of the documents at issue)).

Since Millhouse is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he has not made any plausible allegations of imminent danger in any of his pleadings in this matter, Millhouse may no longer proceed *in forma pauperis* and must pay the full filing fee of $400[4] if he seeks to continue with this litigation.

## III.    CONCLUSION

For the foregoing reasons, the Court will revoke Millhouse's *in forma pauperis* status in accordance with 28 U.S.C. § 1915(g).  Should Millhouse desire to continue to litigate his claims in this case, he must pay the full filing fee of $400 to the Clerk of Court within fourteen (14)

---

[3] This Court previously assessed Millhouse's allegations that he would be harmed by other prisoners due to the sensitive nature of his allegations in considering his request to proceed anonymously in this action. *See Millhouse*, 2020 WL 354833, at *3 (E.D. Pa. Jan. 17, 2020).  In assessing Millhouse's assertions that he was at risk of harm, the Court denied the motion, finding that "Millhouse . . . failed to adequately allege sufficient facts to warrant proceeding anonymously" because he relied "only on speculative, generalized allegations of harm without specific facts." *Id.*

[4] At the time Millhouse initiated this action, the filing fee for a civil action was $350 plus an administrative fee of $50.  One December 1, 2020, the administrative fee was raised to $52.  *See* 28 U.S.C. § 1914(a); (b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14).  The increase in the administrative fee is not applicable here since Millhouse initiated this action in November of 2019.

days.  If Millhouse fails to pay the filing fee in this matter, his case may be dismissed without

prejudice without further notice.  An appropriate Order follows.


           **BY THE COURT:**

           **/s/Petrese B. Tucker**

           **PETRESE B. TUCKER, J.**